IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**District Judge R. Brooke Jackson**

Civil Action No. 15-cv-00446-RBJ

BIKRAM MISHRA,

      Applicant,

v.

TRAVIS TRANI, Warden, and
CYNTHIA COFFMAN, the Attorney General of the State of Colorado,

      Respondents.

---

## ORDER TO DISMISS IN PART AND FOR ANSWER

---

Applicant, Bikram Mishra, is in the custody of the Colorado Department of
Corrections (CDOC) at the Colorado State Penitentiary in Cañón City, Colorado.  He
has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF
No. 1) challenging the validity of a conviction and sentence imposed in the District Court
of Jefferson County, Colorado.  Mr. Mishra has paid the $5.00 filing fee.        On
March 4, 2015, Magistrate Judge Gordon P. Gallagher directed Respondents to file a
pre-answer response addressing the affirmative defenses of timeliness under 28 U.S.C.
§ 2244(d) and exhaustion of state court remedies under 28 U.S.C.
§ 2254(b)(1)(A).  Respondents submitted a Pre-Answer Response (ECF No. 6) on
March 13, 2015.  Applicant filed a Reply (ECF No. 9) on April 20, 2015, after obtaining
an extension of time.

The Court construes Mr. Mishra's filings liberally because he is not represented
by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*,

935 F.2d 1106, 1110 (10th Cir. 1991).   However, the court should not act as an

advocate for *pro se* litigants.   *See Hall*, 935 F.2d at 1110. For the reasons stated below,

the Court will dismiss the Application, in part.

## I.  Background and State Court Proceedings

On August 1, 2007, Applicant was convicted in Jefferson County District Court

Case No. 06CR2775 of second-degree murder (heat of passion).  (ECF No. 1, at 2).  He

was sentenced to a 19-year prison term with the CDOC.  (*Id.*).

Applicant's conviction was affirmed on direct appeal in *People v. Bikram

Bihari Mishra*, No. 07CA2362 (Colo. App. Nov. 18, 2010) (unpublished).  (ECF No. 6-6).

The Colorado Supreme Court denied Applicant's petition for certiorari review on March

28, 2011. (ECF No. 6-8).

On August 4, 2011, Applicant file a motion for reconsideration of his sentence,

pursuant to Colo. Crim. P. Rule 35(b).  (ECF No. 6-1, at 4).   On March 8, 2012, the state

district court granted the motion and reduced Applicant's sentence from 19 to 16 years

in prison.  (*Id.* at 3).  Applicant did not appeal the resentencing.

On June 28, 2012, Applicant filed another Colo. Crim. P. Rule 35(b) motion,

which the state district court denied.  (*Id.*).  Applicant did not appeal.

On September 24, 2012, Applicant filed a motion for post-conviction relief

pursuant to Colo. Crim. P. Rule 35(c), which was denied by the state trial court.  (*Id.* at

3-4).  The Colorado Court of Appeals affirmed the trial court's order in *People v. Bikram

Bihari Mishra*, No. 12CA2354 (Colo. App. July 3, 2014) (unpublished).  (ECF No. 6-12).

The Colorado Supreme Court denied Applicant's petition for certiorari review on

February 9, 2015.  (ECF No. 6-14).

On March 3, 2015, Mr. Mishra filed his federal application under 28 U.S.C.

§ 2254 asserting three claims for relief:

1.  The trial court denied Applicant due process by refusing to instruct the jury on the lesser-included offense of criminally negligent homicide. (ECF No. 1, at 5).

2.  The trial court violated Applicant's constitutional rights in denying his motion to suppress self-incriminating statements to the police because he was too intoxicated and tired to execute a valid waiver of his *Miranda*[1] rights. (*Id.* at 6).

3.  Applicant's Sixth Amendment right to the effective assistance of counsel was violated because counsel: (a) failed to interview and call an important defense witness, Mr. Farr, whose testimony would have supported Applicant's claim of self-defense; (b) labored under a conflict of interest, where Mr. Farr was a former client of counsel; and, (3) limited his questioning of trial witnesses so that he could end the trial by a date certain and meet his National Guard commitment. (*Id.*).

In the Pre-Answer Response, Respondents concede that the Application is

timely. (ECF No. 6, at 5-9). Respondents further concede that Applicant exhausted

state court remedies for claims two and three. (*Id.* at 17-18). Respondents argue,

however, that claim one is procedurally barred. (*Id.* at 14-17).

## II. Applicability of Procedural Bar

### A. Standard of Review

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus

may not be granted unless it appears that the applicant has exhausted state remedies

or that no adequate state remedies are available or effective to protect the applicant's

rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 843 (1999); *Dever v. Kansas State*

*Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is

---

[1]*Miranda v. Arizona*, 384 U.S. 436 (1966).

satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989).  Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).  A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

If a habeas petitioner "failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is a procedural default. . . . ." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Anderson v. Sirmons*, 476 F.3d 1131, 1139-40 n.7 (10th Cir. 2007) (applying anticipatory procedural bar).  A claim that has been procedurally defaulted in the state courts on an independent and adequate state procedural ground is precluded from federal habeas review, unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the federal violation, or demonstrate that failure to consider the claim will

4

result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750; *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007).

A petitioner's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

### B. Claim One

In claim one, Mr. Mishra asserts that the trial court's denial of his request to instruct the jury on the lesser-included offense of criminally negligent homicide violated due process. (ECF No. 1, at 5). Respondents contend in the Pre-Answer Response that Applicant presented this claim on direct appeal of his conviction solely as an issue of state law, rather than as a violation of the federal Constitution. (ECF No. 6, at 14).

Applicant argued in his opening brief to the Colorado Court of Appeals that the requested instruction should have been given because there was a rational basis in the evidence for a verdict acquitting him of the offense charged and convicting him of the lesser included offense, citing *People v. Castro*, 10 P.3d 700, 702 (Colo. App. 2001) (finding error where some evidence supported the mens rea for criminally negligent homicide, "an unintentional killing caused by the actor's failure to perceive a substantial and unjustifiable risk that a certain result will occur."). (ECF No. 6-2, at 7-10). In his state appellate brief, Mr. Mishra relied solely on Colorado appellate court cases that applied Colorado law. (*Id.* at 9-11, 18-19). The Colorado Court of Appeals did not perceive a federal constitutional issue, and rejected the claim on state law grounds. (*See* ECF No. 6-6, at 5-7).

5

The Court agrees with Respondents that Applicant failed to exhaust state remedies for his first claim because he did not present the claim as a federal constitutional issue to the Colorado appellate courts. *See Duncan*, 513 U.S. at 365-66.

Respondents further argue that Applicant has committed an anticipatory procedural default of claim one because if he attempted to raise it in a state post-conviction motion at this time, it would be procedurally barred pursuant to Colo. Crim. P. 35(c)(3)(VII) ("The court shall deny any claim that could have been presented in an appeal previously brought. . ."). *See also Welch v. Milyard*, No. 11-1214, 436 F. App'x 861, 865-66 (10th Cir. Aug. 18,  2011) (unpublished) (concluding that claim barred from state court review under Colo. Crim. P. Rule 35(c)(3)(VII) was procedurally defaulted on federal habeas review).

The claim may also be subject to dismissal in the state courts as time-barred, pursuant to COLO.REV.STAT. § 16-5-402 (2014) (imposing a three-year limitation period for post conviction claims challenging non-class 1 felonies).

The Court finds that Applicant does not have an available state court remedy at this time.  As such, he must satisfy the cause and prejudice standard to excuse his anticipatory procedural default, or demonstrate that a fundamental miscarriage of justice will result if the Court does not review the merits of his claim.  *Coleman*, 501 U.S. at 735 n.1; *Anderson*, 476 F.3d at  1139-40 n.7.

Mr. Mishra argues in his Reply brief that his procedural default of claim one should be excused because direct appeal counsel was ineffective in failing to raise the claim as a constitutional issue on direct appeal.  (ECF No. 9, at 1-3).

Appellate counsel's failure to raise a meritorious issue on direct appeal may constitute cause to excuse a procedural default. *See Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Hammon v. Ward*, 466 F.3d 919, 925 (10th Cir. 2006). However, the claim that appellate counsel was constitutionally ineffective must itself be exhausted properly in the state courts. *Edwards*, 529 U.S. at 453. Mr. Mishra did not exhaust a claim of ineffective assistance-of-appellate-counsel claim in the state courts. *See* ECF No. 6-9 (opening brief filed in state post-conviction proceeding). He thus cannot rely on the ineffective assistance of appellate counsel to excuse his anticipatory procedural default of claim one. *See Edwards*, 529 U.S. at 453; *see also Livingston v. Kansas*, No. 10-3076, 407 F. App'x 267, 273 (10th Cir. Nov. 2, 2010) (unpublished).

Mr. Mishra also suggests that his procedural default should be excused because the state court denied his request for appointed post-conviction counsel (ECF No. 9, at 3-4). *See Martinez v. Ryan,* ___ U.S. ___, 132 S.Ct. 1309, 1320 (2012) ("Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective."). However, *Martinez* does not apply to a claim that *appellate* counsel was ineffective. *See Banks v. Workman,* 692 F.3d 1133, 1148 (10th Cir. 2012) (*Martinez* applies "only to a prisoner's procedural default of a claim of ineffective assistance at trial, not to claims of deficient performance by appellate counsel") (quotation and emphasis omitted)); *see also Ponis v. Hartley*, No. 13-1120, 534 F. App'x 801, 805 (10th Cir. Aug. 27, 2013) (unpublished) ("[T]he Court in *Martinez* made clear

7

that it announced a *"*narrow exception*"* that applies only with respect to "cause for a prisoner's procedural default of a claim of ineffective assistance at trial," citing *Martinez*, 132 S.Ct. at 1315).

And, finally, Mr. Mishra makes no showing of actual innocence.  *See Schlup v. Delo*, 513 U.S. 298, 314-15, 324 (1995) (to satisfy fundamental miscarriage of justice exception, prisoner must present new reliable evidence of his actual innocence – "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.").

Because Mr. Mishra has failed to satisfy the cause and prejudice standard, or the fundamental miscarriage of justice exception, claim one will be dismissed as procedurally barred.

## III.  Orders

For the reasons discussed above, it is

ORDERED that claim one of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) is DISMISSED WITH PREJUDICE as procedurally defaulted.   It is

FURTHER ORDERED that Respondents shall file an Answer to claims two and three of the Application **within thirty (30) days** of this Order.  It is

FURTHER ORDERED that Applicant may file a Reply **within thirty (30) days** after Respondents file an Answer.

DATED June 3, 2015, at Denver, Colorado.

By The Court:

R. BROOKE JACKSON
United States District Judge